# EXHIBIT A

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **SUMMONS**

Receipt Number: 797151

| **Plaintiff** |
|---|
| LINDQUIST, RUSSELL |

| **Defendant** |
|---|
| CALSOURCE LLC |

| **Fees** |
|---|
| Total Fees Paid:                    $0.00 |

| Control #:   202503140296 |
| Index #:     141139-2025 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **2**.

_Jean E Chrisman_
_____
**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ONTARIO

RUSSELL LINDQUIST,

        Plaintiff,

    v.

CALSOURCE, LLC, APPLIED TECHNICAL SERVICES, LLC, CHRISTOPHER HERRMANN, AND ALLISON CARD,

        Defendants.

**SUMMONS**

Index No. _____

To: the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to reply to or answer the claims against you alleged in the Complaint of Plaintiff Russell Lindquist in this action and to serve a copy of your reply or answer on Plaintiff's attorneys within 20 days after the service of this counterclaim summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to reply or answer, judgment will be taken against you by default for the relief demanded in the counterclaim.

The basis of the venue designated is that Plaintiff is a resident of Ontario County.

Dated: March 14, 2025                **GREGORY L. SILVERMAN, ESQ., PLLC**

                              By:    s/ Gregory L. Silverman
                                      118 Genesee St
                                      Geneva, NY 14456
                                      Tel: 585-480-6686
                                      greg@silverman-law.com
                                      *Attorney for Plaintiff Russell Lindquist*

1

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York  14424
(585) 396-4200

Document Type: **COMPLAINT**

Receipt Number: 797152

| Plaintiff |
| --- |
| LINDQUIST, RUSSELL |

| Defendant |
| --- |
| CALSOURCE LLC |

| Fees |
| --- |
| Total Fees Paid:                              $0.00 |

| Control #:   202503140297 |
| --- |
| Index #:     141139-2025 |

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **6**.

*Jean E. Chrisman* (signature)

**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

SL

**Do Not Detach**

1 of 6

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONTARIO

RUSSELL LINDQUIST,

   Plaintiff,

  v.

CALSOURCE, LLC and APPLIED
TECHNICAL SERVICES, LLC

   Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiff Russell Lindquist by and through counsel, alleges against Defendants CalSource, LLC and Applied Technical Services, LLC as follows:

**PRELIMINARY STATEMENT**

  1. This is an action arising under the New York State Human Rights Law (HRL) and the Americans with Disabilities Act (ADA). Defendants terminated Plaintiff because he sought a reasonable accommodation.

**PARTIES**

  2. Upon information and belief, Defendant CalSource operates its business from 235 Middle Road, Suite 100, Henrietta, NY, 14467.

  3. Upon information and belief, Defendant Applied Technical Services, LLC ("ATS") has a principal place of business located at 1049 Triad Court, Marietta, GA 30062.

  4. Upon information and belief, ATS is the parent company of CalSource, which who had the power to fire Plaintiff, and otherwise control Plaintiff's daily employment activities.

  5. Plaintiff Russell Lindquist resides in Canandaigua, NY.

1

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York.

7. Plaintiff has performed all conditions precedent to asserting his claims under the ADA.

8. Venue is appropriate as Plaintiff resides in Ontario County. *See* CPLR 503(a).

## FACTUAL BACKGROUND

9. Lindquist began working at CalSource's predecessor-in-interest, Caltronix, Inc., on or around 2016 as a calibration technician.

10. On or around February 6, 2024, Lindquist emailed his supervisor, Christopher Herrmann, about various issues at work, explaining that he believed other coworkers were attempting to target him and sabotage his work. In this email Lindquist disclosed that he had a disability, specifically "being on the spectrum and ADHD and take medication every morning." Lindquist explained that the conduct of his coworkers was "spiking his anxiety."

11. On February 7, 2024, Allison Card, an ATS employee in Human Resources, requested that her and Lindquist meet because he had disclosed a disability to his supervisor.

12. On or around February 8, 2024, Lindquist and Card spoke via Microsoft Teams about his disability and the potential for reasonable accommodations.

13. On February 16, 2024, Lindquist emailed Card to request reasonable accommodations, specifically an alternative work environment given that the actions of certain coworkers were intensifying his anxiety related to his ADHD.

14. On or around February 20, 2024, Card emailed Lindquist to request more details on the accommodations Lindquist was requesting.

2

15. Later, on or around February 20, 2024, Lindquist met with Herrmann. There Lindquist requested reasonable accommodations related to his disability, specifically a schedule where he minimized the amount of time he was working with the coworkers he believed were sabotaging him, and/or a cubicle-like barrier around his workplace that would help him avoid distractions. Herrmann responded that no accommodations could be made.

16. Later, on or around February 20, 2024 Lindquist emailed Card informing her that he and Herrmann had met, and asked Card what accommodations might be possible.

17. On or around February 21, 2024, Lindquist met with Herrmann. Herrmann told Lindquist that he had spoken with HR, no accommodations could be made, and Lindquist would have to be "let go." During this meeting Herrmann also told Lindquist that ATS did not typically provide severance payments to terminated employees. But Lindquist was eventually offered 16 weeks of pay in a proposed severance agreement Card sent to Lindquist.

18. At no point on or around February 21, 2024 did Lindquist communicate an intent to resign his employment.

19. On or around the time of his termination, Plaintiff was considered by Herrmann to meet the expectations of his employment.

### FIRST CAUSE OF ACTION
**Disability Discrimination
in violation of the HRL and ADA**

20. All paragraphs of this Complaint are incorporated herein.

21. Plaintiff was an individual considered disabled under the meaning of the ADA and HRL.

3

22. Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

23. Defendants knew of Plaintiff's disability.

24. Defendants unlawfully failed to engage in good faith in an informal dialogue with Plaintiff about potential reasonable accommodations before terminating his employment.

25. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### Retaliation in violation of the HRL and ADA

26. All paragraphs of this Complaint are incorporated herein.

27. Plaintiff engaged in protected conduct by requesting reasonable accommodations concerning his disability.

28. Defendants terminated Plaintiff because he was requesting reasonable accommodations concerning his disability.

29. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages to the greatest extent permitted by law, including interest, costs, expenses, and reasonable attorney's fees.

**WHEREFORE**, Plaintiff Russell Lindquist seeks judgment against Defendants as follows:

A. Declaratory relief that the conduct complained of herein is unlawful under applicable federal and state law;

B. Injunctive relief requiring that Plaintiff be reinstated and enjoining Defendants from further discrimination against Plaintiff;

4

C. Damages, including compensatory, liquidated, and punitive, in an amount to be determined at trial;

D. Pre-judgment and post-judgment interest, costs, expenses, disbursements, and reasonable attorney's fees; and

E. Such other and further relief which is deemed just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all matters triable by jury.

Dated: March 14, 2025

**GREGORY L. SILVERMAN, ESQ., PLLC**

By: s/ Gregory L. Silverman
118 Genesee St
Geneva, NY 14456
Tel: 585-480-6686
greg@silverman-law.com
*Attorney for Plaintiff Russell Lindquist*

# Ontario County Clerk Recording Page

**Return To**

GREGORY LESTER SILVERMAN
118 Genesee St.
Geneva, NY 14456

**Jean E. Chrisman, County Clerk**
Ontario County Clerk
20 Ontario Street
Canandaigua, New York 14424
(585) 396-4200

Document Type: **AFFIRMATION/AFFIDAVIT OF SERVICE**

Receipt Number: 805726

| **Plaintiff** |
|---|
| LINDQUIST, RUSSELL |

| **Defendant** |
|---|
| CALSOURCE LLC |

| **Fees** |
|---|
| Total Fees Paid: $0.00 |

Control #:   202505060074
Index #:     141139-2025

State of New York
County of Ontario

EFiling through NYSCEF with a total page count of **2**.

**Ontario County Clerk**

*This sheet constitutes the Clerk's endorsement required by section 319 of the Real Property Law of the State of New York*

JEG

**Do Not Detach**

1 of 2

STATE OF NEW YORK
SUPREME COURT        COUNTY ONTARIO

RUSSELL LINDQUIST,

    Plaintiff,

v.

CALSOURCE, LLC and APPLIED TECHNICAL SERVICES, LLC

    Defendants.

Index No. 141139-2025

## ACCEPTANCE OF SERVICE

I, Jacqueline Phipps Polito, Esq., on this date accepted service on behalf of CalSource, LLC and Applied Technical Services, LLC of the Notice of Mandatory Electronic Filing, Summons, and Complaint in this matter, reserving all rights, claims, defenses, or objections to the Complaint except for those based on a defect in the service of process.

Dated: May 5, 2025

**LITTLER MENDELSON, P.C.**

By: _____
Jacqueline Phipps Polito, Esq.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Tel: (585) 203-3400
jpolito@littler.com
*Attorneys for Defendants*