**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Russell Lindquist,**

Plaintiffs,

v.

**CalSource, LLC, et al.,**

Defendants.

**AMENDED SCHEDULING ORDER**

25-cv-6247-FPG-MJP

**PURSUANT TO** the order of the Hon. Frank P. Geraci, Jr., District Judge, referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan or motion for an extension of deadline(s), (ECF No. 13), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

**ORDERS** that

1. **Mediation.** The deadlines concerning mediation have passed.

2. **Mandatory disclosures.** The deadline has passed for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26.

3. **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **December 22, 2026**.

4. **Close of fact discovery.** The parties shall complete all fact discovery by **November 24, 2026**.

5. **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than **January 19, 2027**. Defendant shall identify any expert witnesses and serve any expert reports no later than **February 16, 2027**. The parties shall complete all expert discovery no later than **May 18, 2027**.

6. **Motions to compel.** The parties shall file any motions to compel discovery no later than **November 24, 2026**.

7. **Dispositive motions.** If neither party engages in expert discovery, dispositive motions, if any, shall be filed no later than **February 19, 2027**. If either party engages in expert discovery, dispositive motions, if any, shall be filed no later than **August 3, 2027**.

8. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

9. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension should be made at least **one week** before the deadline to be extended.

b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

**Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated: September 25, 2026
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge